# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BENJAMIN A. BRADLEY,**

      **Plaintiff,**

**vs.**                                    **Case No. 4:16cv694-RH/CAS**

**MAJOR DAMON ATKINS, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a prisoner civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2, in this Court on October 31, 2016.  Plaintiff wrote a case number on both of those documents, but that case (4:13cv638) was dismissed on December 11, 2014, for failure to state a claim upon which relief may be granted.  ECF Nos. 23-25 of case number 4:13cv638-RS/CAS.  Because Plaintiff's case had been closed for nearly two years, this case was opened for Plaintiff.  *See* ECF No. 4.  Plaintiff was advised that if he did not desire to initiate a new case, he must immediately file a notice of voluntary dismissal in this case.  *Id.*

In response, Plaintiff filed a "notice of voluntary dismissal of the case."  ECF No. 5.  Plaintiff states that he "voluntarily" dismisses case number 4:13cv638.[1]  *Id.*  His notice suggests that he intends to proceed with this new case, but even more clear is the fact that Plaintiff submitted an amended complaint.  ECF No. 6.

Plaintiff's amended complaint has been reviewed.  Notably, the amended complaint was submitted in response to the Order which explained to Plaintiff that it appeared this case was based on the same set of facts presented in his prior case.  *See* ECF No. 4.  Plaintiff was required to file a response clarifying any meaningful difference between this case and Plaintiff's prior case, 4:13cv638, which was dismissed for failure to state a claim.  Plaintiff's response does not provide that clarification.  Rather, Plaintiff provides the conclusory assertion that he "raises new claims under the very similar facts and causes of action."  ECF No. 5 at 1.  Plaintiff contends "the claims are different," but he does not explain how or why they are different.

---

[1] A notice of voluntary dismissal of the prior case is not necessary because the case was already closed.

Review of Plaintiff's amended complaint, ECF No. 6, reveals that this case is based on the same set of facts as were presented in the fourth amended complaint, ECF No. 22, filed in case number 4:13cv638.  In general, Plaintiff's claims concern the fact that he was not permitted to remain in the work release program and was returned to prison.  The claims in the prior case were dismissed for failing to state a claim.  ECF Nos. 23-25 of case number 4:13cv638.

As was explained to Plaintiff in the November 4, 2016, Order, ECF No. 4, this case is barred by the doctrine of res judicata.  Under that doctrine, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  Res judicata forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit.  Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).

Because this case concerns the same events alleged in the prior case, this case is barred by res judicata.  This Court already entered a final judgment on the merits, the case involves the same cause of action, same facts, and same parties.  The only new claims presented could have been

raised in the prior suit and are barred.  In re Piper Aircraft Corp., 244 F.3d

at 1296.  Moreover, claims for medical malpractice are insufficient as a

matter of law.  Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994); Brown v.

Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** because the

claims are barred by the doctrine of res judicata.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2016.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**